UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN FISHMAN,

    *Petitioner*,

v.

JEFFERSON B. SESSIONS III, United States Attorney General,

    *Respondent*.

Civil Action No. 18-521 (RDM)

## MEMORANDUM OPINION AND ORDER

On March 5, 2018, Petitioner Stephen Fishman, proceeding *pro se*, initiated this action by filing a pleading captioned "Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to 28 U.S.C. § 2241 . . . and . . . Petition for Declaratory Judgment Pursuant to 20 U.S.C. § 2201." Dkt. 1 at 1. The relief Petitioner sought included a declaratory judgment that he is being imprisoned illegally, an order directing his release from prison, an award of "traveling funds" upon his release, and an award of damages of $1,565,217.39 for each day of unlawful confinement. Dkt. 1 at 12, 158–59. On April 19, 2018, this Court issued an order *sua sponte* dismissing Petitioner's claims for damages and "traveling funds" and transferring his petition for release from custody to the U.S. District Court for the Central District of California, where he is incarcerated. *See* Dkt. 4. In its memorandum opinion, the Court explained that Petitioner's claims for "traveling funds" and damages were not properly asserted in a petition for writ of habeas corpus and that, in any event, a prisoner may not bring a claim for damages that turns on the lawfulness of the prisoner's confinement, without first succeeding on a habeas challenge to his or her confinement. Dkt. 3 at 2–3. In addition, the Court concluded that

Fishman's habeas petition named the wrong respondent and was brought in the wrong jurisdiction. *Id.* at 3–4.

Petitioner has now filed two motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), for default judgment pursuant to Rule 56, and to amend the Court's findings and conclusions of law pursuant to Rule 52(b). *See* Dkt. 5; Dkt. 6. Many of Petitioner's assertions in these motions—which are both over eighty pages long—are difficult to follow. It appears, however, that he is arguing that the Court did not properly consider the "Uncontroverted, Uncontested, and Untraversed" "evidence" he submitted, *see* Dkt. 6 at 14, 22, 26, 62–81, and that the Court incorrectly held that the petition was brought against the wrong respondent in the wrong jurisdiction, Dkt. 5 at 34–50, 57–60; Dkt. 6 at 34–50, because he is "not challenging the legality of his sentence," but rather is challenging the "legality of the detention," and "conditions of [his] confinement," Dkt. 5 at 53–56. Yet, however phrased, it is clear that Fishman seeks release from prison and does not merely seek to alter the conditions of his confinement. *See* Dkt. 5 at 13 (seeking declaratory judgment that his "confinement/custody/detention" is "unlawful"); Dkt. 6 at 13 (same).

Several weeks later, Petitioner filed yet a further pleading—this time a "Motion for Immediate Determination" of his previous motions. *See* Dkt. 8. And several weeks after that, Petitioner filed a "Motion for Demand for Clarification" requesting that the Court issue an order to show cause to the Respondent, again on the ground that the Court incorrectly held that his petition was brought against the wrong respondent in the wrong jurisdiction. *See* Dkt. 10.

A Rule 59(e) motion must demonstrate that "there [has been] an intervening change of controlling law," "new evidence" has become available, "or [there is a] need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)

(per curiam) (internal quotation marks omitted).  Such motions are "generally disfavored" absent "extraordinary circumstances," *Dage v. Johnson*, 537 F. Supp. 2d 43, 48 (D.D.C. 2008) (internal quotations omitted), and do not represent an opportunity "to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Upon review of Petitioner's multiple motions, the Court concludes that he has fallen far short of meeting the high bar on a motion for reconsideration.  Petitioner's motions largely rehash the arguments he made in his original petition, and he has otherwise failed to identify any extraordinary circumstances, changes in controlling law, or errors made by the Court that would warrant relief under Rule 59(e).

Accordingly, Petitioner's motions to alter or amend judgment, for default judgment, and to amend the Court's findings and conclusions of law, Dkt. 5; Dkt. 6, are **DENIED**.  For the same reasons, Petitioner's motion for demand for clarification, Dkt. 10, is **DENIED**, and his motion for immediate determination, Dkt. 8, is **DENIED** as moot.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 31, 2018